Russell Eugene Galer, II v. Freestone County District Attorney and Asst. Warden Caskey















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-111-CV

     RUSSELL EUGENE GALER, II,
                                                                              Appellant
     v.

     FREESTONE COUNTY DISTRICT ATTORNEY
     AND ASSISTANT WARDEN CASKEY,
                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 01-039-B
                                                                                                                

MEMORANDUM OPINION ON REHEARING
                                                                                                                

      Russell Eugene Galer filed what has been construed as a notice of appeal from an order
dismissing his cause of action as frivolous under Chapter Fourteen of the Texas Civil Practice and
Remedies Code. The clerk’s record was filed in April of 2001. The time for filing Galer’s brief
passed, and we notified him that this appeal would be dismissed for want of prosecution unless he
filed a brief or otherwise showed grounds to continue the appeal. Tex. R. App. P. 38.8(a)(1). We
did not receive a timely response.
      On October 31, 2001, we dismissed the appeal for want of prosecution. Tex. R. App. P.
38.8(a)(1). We stated that we had received no communication from Galer. This statement was
not accurate. On October 3, 2001, we received a document entitled “Unsworn Declaration of
Fact” from Galer. In the declaration he explained why he had not responded earlier to the letter
regarding his failure to file a brief. Galer has now filed a Motion for Rehearing of our opinion
dismissing his appeal. Galer’s Motion for Rehearing is granted, and our October 31, 2001,
opinion dismissing his appeal for want of prosecution is hereby withdrawn.
      In the Declaration of Fact, Galer has informed the court that what he sent to Freestone County
was a complaint regarding what he believes to constitute the criminal offense of official
misconduct. Accordingly, Galer concludes that we have erred in characterizing this as a civil
appeal. After a review of Galer’s “complaint,” which is in the clerk’s record, we agree. 
      While the complaint is not free from contradiction, it does not appear to be a petition to
invoke the trial court’s jurisdiction in a civil proceeding. There is not a “prayer for relief” in the
traditional sense, and it only “ask[s] the court to caution the district attorney regarding retaliation
and explain to such defendant what retaliation is.” The complaint is in the form of an affidavit,
as a complaint in a criminal case is sometimes prepared. It attempts to allege facts necessary to
establish the criminal violation of official misconduct and asserts that the District Court has
jurisdiction under Section 4.05 of the Code of Criminal Procedure. The affidavit also contains
language that is traditionally used in the prosecution of criminal offenses such as “the defendant
on or about the 2nd day of February, 2001, did then there, unlawfully, knowingly, and
intentionally violate Texas law set out in this compliant against the peace and dignity of the state.” 
[All punctuation, spelling and emphasis as in the original.]
      Galer’s “complaint” did not invoke the District Court’s jurisdiction, either as a civil
case—Galer has expressly repudiated that he was filing a civil case—or as a criminal case to
consider the offense of official misconduct. The trial court should have dismissed the case for
want of jurisdiction. Because the trial court never had jurisdiction of this cause he erred in
dismissing the case as frivolous. Accordingly, we reverse the trial court’s judgment and dismiss
the case for want of jurisdiction.
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and dismissed for want of jurisdiction
Opinion delivered and filed December 12, 2001
Do not publish 
[CV06]